## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RAHEIM BONNEY | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| Sheriff  VICTOR HILL; | ) | |
| | ) | |
| Chief Deputy RONALD | ) | JURY TRIAL DEMANDED |
| BOEHRER; | ) | |
| | ) | |
| Jail Administrator TERRANCE | ) | |
| GIBSON; | ) | |
| | ) | |
| Jailers D.J. JOHNSON; K.C. | ) | |
| CLAYBORN; E.T. JENKINS; | ) | |
| ISAAC; R.S. WINN; | ) | |
| | ) | |
| Nurse I. GOOSBY, | ) | |
| | ) | |
| All individually and officially | ) | |
| | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Raheim Bonney, and files this Complaint for
Damages against the above-named defendants, all individually and officially,
individually and officially, showing as follows.

## NATURE OF CLAIM

Plaintiff brings this action against Defendants for violation of his rights as guaranteed by the United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 1988, the Georgia Constitution, and Georgia law. Plaintiff seeks compensatory damages, special damages, general damages, punitive damages, nominal damages, reasonable attorneys' fees and costs, and any and all other relief to which he is entitled by law, as more fully described below.

## JURISDICTION AND VENUE

1. This action is brought before the court pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution for the deprivation of Plaintiff's constitutional rights under color of law. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff also asserts Georgia state law claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for Plaintiff's claims that arise under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, it is the most convenient to the parties and to the witnesses, and it is where one or more of the Defendants are deemed to reside. 28 U.S.C. § 1391.

## PARTIES

4.  Plaintiff resides in Clayton County, Georgia and is subject to the jurisdiction and venue of this Court.

5.  At all times relevant hereto, Victor Hill was the Sheriff of Clayton County, Georgia, and was and is responsible for oversight of the entire Sheriff's Office, including the jail and its operations. As Sheriff of Clayton County, Georgia, Hill is required by law to operate the Jail, to maintain the custody of persons held within his jail, and to ensure the safe and lawful keeping and treatment of inmates under his care. Sheriff Hill is being sued both in his individual capacity and his official capacity as a law enforcement officer. Sheriff Hill is subject to the jurisdiction and venue of this Court and may be served with process and summons as allowed by law.

6.  At all times relevant hereto, Ronald Boehrer was the Chief Deputy Sheriff of Clayton County, Georgia and was operating under color of law pursuant to his appointment to that post by Sheriff Hill. In such capacity, Boehrer, and was and is responsible for oversight of the day-to-day operations of the entire Sheriff's Office, including the jail and its operations. Boehrer reports to and is supervised

by Hill. Boehrer is being sued both in his individual capacity and his official capacity as a law enforcement officer. Boehrer is subject to the jurisdiction and venue of this Court and may be served with process as allowed by law.

7. At all times relevant hereto, Terrance Gibson was the Jail Administrator for the Clayton County Sheriff's Office and was operating under color of law pursuant to his appointment to that post by Sheriff Hill. In such capacity, Gibson was responsible for overseeing the day-to-day operations of the Jail and reported to and was supervised by Boehrer and Hill. Gibson is being sued both in his individual capacity and his official capacity as a law enforcement officer. Gibson is subject to the jurisdiction and venue of this Court and may be served with process as allowed by law.

8. At all times relevant hereto, Johnson, Clayborn, Isaac, Winn, and Jenkins were employed as Jailers/Jail staff with the CCSO and are being sued in their individual and official capacities. They were hired, trained, and/or supervised by Hill and/or Boehrer and/or Gibson and reported to and was supervised by them. They are subject to the jurisdiction and venue of this Court and may be personally served with summons and process as allowed by law.

9. At all times relevant hereto, Nurse Goosby was employed was employed as a nurse with the CCSO and is being sued in their individual and official capacity.

They were hired, trained, and/or supervised by Hill and/or Boehrer and/or Gibson and reported to and were supervised by them. They are subject to the jurisdiction and venue of this Court and may be personally served with summons and process as allowed by law.

10. All conditions precedent to this action, including grievance procedures, have occurred, been executed, or made moot.

## FACTUAL ALLEGATIONS

11. At all times relevant hereto, all defendants were employed as supervisors or staff with the CCSO, and were acting pursuant to their employment and under color of state law.

12. At all times relevant hereto, Sheriff Hill was employed as a law enforcement officer and Sheriff of Clayton County and was acting pursuant to his employment and under color of state law.

13. At all times relevant hereto, Sheriff Hill's command staff were under his direct control and supervision and were acting as enumerated in the preceding section, paragraphs 5-9.

14. All of the actions complained of herein were taken under color of law pursuant to the policy and custom, whether written or unwritten, of Victor Hill, his

command staff both named and unnamed, the CCSO, and the officers involved, all while acting in official capacity and under color of law.

15. On or about November 7, 2019[1], Raheim Bonney was incarcerated at the Clayton County Jail.

16. Upon his intake and booking at the jail, Plaintiff was interviewed personally by Sheriff Victor Hill. Following said interview, Hill personally ordered, without justifiable cause, that Plaintiff be placed in the restraint chair[2] for a minimum of four hours.

17. Plaintiff was strapped into the chair by Clayborn, Isaac, and Winn by securing his waist, arms, and legs into the chair. Jenkins observed and failed to intervene in observing his colleague violate the rights of Plaintiff. Johnson approved the use of the chair and likewise failed to intervene.

18. Plaintiff was left in the chair for approximately eight hours, well over the time recorded in the purported observation log. During this time, Nurse Goosby and others to be named failed to intervene as they personally observed the violation of Plaintiff's rights and as they themselves participated in same.

---

[1] This action is brought within the applicable statute of limitations period pursuant to the Supreme Court of Georgia's Order Declaring Statewide Judicial Emergency and the First, Second, Third, and Fourth Extensions thereto, which jointly operated to toll statutes of limitations for the 122 day period beginning March 14, 2020 through and including July 14, 2020. These orders are incorporated by reference as if fully restated herein.

[2] The restraint chair is a device used to inflict summary punishment against inmates as determined by Sheriff Hill or his command staff.

19. When Plaintiff requested to be released from the chair to use the bathroom, he was told that if he were allowed to get up, his time to be strapped in the chair would be restarted from zero.

20. Rather than be forced to prolong his own suffering, Plaintiff was forced to use the bathroom on himself on at least one occasion.

21. As a result of the use of the restraint chair, Plaintiff suffered physical injuries.

22. In addition to his physical injuries, Plaintiff also suffered severe mental, emotional, and psychological injury as a result of the cruel and excessive force used against him and the cruel and unusual treatment to which he was subjected, as set forth above.

23. Plaintiff continues to suffer physical, emotional, and psychological pain as a result of the unlawful, cruel, and unusual treatment to which he was subjected by Defendants.

24. At all times relevant hereto, Hill, Boehrer, and Gibson were responsible for the training, supervision, discipline, and retention of those employees and agents involved in the unlawful use of the chair against Plaintiff as well as all employees and agents at the jail.

25. At all relevant times, Hill, Boehrer, and Gibson knew of the unlawful use of force and cruel and unusual treatment of Plaintiff and others similarly situated

and were deliberately indifferent to the substantial and unjustifiable risk that such pattern and propensity created to Plaintiff and others.

26. At all relevant times, Hill, Boehrer and Gibson ("command staff") knew of the propensity of the subordinate jailers and jail staff, including these named defendants, to engage in unlawful use of force, inflict cruel and unusual treatment of inmates, and show deliberate indifference towards the rights of inmates.

27. As averred above, Hill, Boehrer, and Gibson were not only deliberately indifferent to the unconstitutional use of force against Plaintiff, but Hill himself personally participated in the use of force. All supervisory defendants named are, therefore, liable in respondeat superior for the acts and/or omissions of their subordinates.

28. At all relevant times, Plaintiff had a clearly established constitutional right under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution to be free from the treatment to which he was subject as complained of herein.

29. There was no reasonable penological justification for the constitutional violations that Plaintiff suffered by these Defendants.

30. No reasonable law enforcement officer would have believed that such actions as complained of herein were in any way appropriate or commensurate under the circumstances.

31. Based on information and belief, no employees or agents of the CCSO have been reprimanded or otherwise disciplined for the conduct against Plaintiff or other inmates similarly situated.

32. Defendants' actions, as set forth above, have caused severe and significant mental, emotional, psychological, physical, and financial harm to Plaintiff which he has suffered, is suffering, and will continue to suffer in the future.

33. The abuse and mistreatment complained of herein is widespread, rampant, open, and notorious within the Clayton County Sheriff's Office.[3]

34. At all times relevant hereto, jailers, staff, employees, supervisors, SRT team members, and inmates routinely referred to the jail as a "hands-on" facility in reference to the jailers' propensity to commit unprovoked acts of violence against inmates.

---

[3] At present, Sheriff Hill is under criminal indictment in this court for his unlawful treatment of inmates under his watch, including, but not limited to, unlawful use of the restraint chair.

35. At all times relevant hereto, Hill, Boehrer, and Gibson have referred to the jail as a "paramilitary" facility and even have a prominent sign at the visitor's entrance boasting of same.

36. Prior to this particular use of force against Plaintiff, the same and similar misconduct had been reported to command staff many times before and no action was taken to correct it.

37. Moreover, the pattern of abuse and mistreatment of inmates is and has been so widespread, commonplace, and pervasive that Hill, Boehrer, Gibson, and their staff cannot reasonably claim to have been ignorant of same.

38. The pattern of abuse and mistreatment of inmates is so widespread and commonplace that Hill, Boehrer, Gibson, and their staff and those responsible for supervising and overseeing jail operations were on notice of the need to correct the pattern and practice of mistreatment.

39. Having knowledge of same, Hill, Boehrer, Gibson, and their staff were deliberately indifferent to the constitutional rights of inmates under their watch, and such deliberate indifference caused Plaintiff's injuries.

40. The pattern of abuse and mistreatment of inmates is so widespread and commonplace that it can reasonably be considered an unwritten policy or practice of the Sheriff, the jail, and its staff.

## COUNT I –
## VIOLATIONS OF 42 U.S.C. §1983
## (FOURTH AMENDMENT)
## ALL DEFENDANTS

41. Plaintiff re-alleges and reincorporates paragraphs 1-40 as if fully set forth herein.

42. At all times relevant hereto, all named defendants were acting as employees of the CCSO and under color of law.

43. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free from unlawful seizure and unlawful use of force by those acting under color of law.

44. At no point was there any justification for the seizure or use of force against Plaintiff as complained of herein.

45. No reasonable officer under the circumstances would ever have used such force against Plaintiff.

46. At all times relevant hereto, Hill, Boehrer, and Gibson were responsible for the supervision of all jailers under their command, including but not limited to, Clayborn, Jenkins, Goosby, Isaac, Winn, and Johnson.

47.-At all times relevant hereto, Hill and command staff were deliberately indifferent to the constitutional rights of Plaintiff and other inmates with respect to their treatment by jail staff.

48. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his Fourth Amendment rights under the United States Constitution to be free from unlawful seizure and unlawful use of force against him.

49. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damages for which all Defendants are liable including, but not limited to: physical injury; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

50. The injuries to Plaintiff are permanent and continuing.

**COUNT II –**
**VIOLATIONS OF 42 U.S.C. §1983**
**(EIGHTH AMENDMENT – Cruel and Unusual)**
**ALL DEFENDANTS**

51. Plaintiff re-alleges and reincorporates paragraphs 1-50 as if fully set forth herein.

52. At all times relevant hereto, these defendants were acting as employees of the CCSO and under color of law.

53. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free from cruel and unusual punishment by those acting under color of law.

54. At no point was there any justification for the use of force against Plaintiff by these defendants as complained of herein.

55. No reasonable officer under the circumstances would ever have used such force against Plaintiff, and there was no penological justification for such force.

56. At all times relevant hereto, Hill, Boehrer, and Gibson maintained supervisory authority over Clayborn, Jenkins, Goosby, Isaac, Winn, and Johnson and other jail staff.

57. At all times relevant hereto, Hill and command staff were aware of the history of their subordinate jailers of subjecting inmates to cruel and unusual treatment including the type complained of herein.

58. At all times relevant hereto, Hill and command staff were deliberately indifferent to the constitutional rights of Plaintiff and other inmates with respect to their treatment by jail staff.

59. By being on notice and by virtue of deliberate indifference thereto, Hill and his command staff are liable in respondeat superior.

60. By his personal participation, Hill is liable in respondeat superior.

61. As a direct and proximate result of the acts and omissions of all named defendants, Plaintiff was deprived of his Eighth Amendment rights under the United States Constitution to be free from cruel and unusual punishment.

62. As a direct and proximate result of defendants' acts and omissions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical,

mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

## COUNT III –
## VIOLATIONS OF 42 U.S.C. §1983
## (FOURTH and EIGHTH AMENDMENT – Deliberate Indifference)
## AGAIST HILL, BOEHRER, GIBSON

63. Plaintiff re-alleges and reincorporates paragraphs 1-62 as if fully set forth herein.

64. At all times relevant hereto, Clayborn, Jenkins, Johnson, Isaac, Winn, and Goosby were employees of CCSO and were supervised by Hill, Boehrer, and Gibson.

65. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free from the constitutional violations enumerated above, including violations of the Fourth and Eighth Amendments.

66. As Plaintiff was violated by Clayborn, Isaac, and Winn, Jenkins, Johnson, and Goosby, and others stood idly by and took no corrective action whatsoever to stop it despite their duty to do so.

67. Hill, Boehrer, and Gibson were on notice of, and were deliberately indifferent to their jail staff's routine failure to intervene when witnessing misconduct and violence by their colleagues. Accordingly, Hill, Boehrer, Gibson, and any latter-named defendants are liable for Plaintiff's injuries in respondeat superior.

68. Hill, Boehrer, and Gibson were also on notice of, and were deliberately indifferent to, their jail staff's unconstitutional treatment of inmates under their care.

69. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his Fourth and Eighth Amendment right under the United States Constitution to be free from cruel and unusual punishment.

70. As a direct and proximate result of the actions as described herein, Plaintiff suffered serious injury and damage for which Hill, Boehrer, Gibson, and other command staff are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

**COUNT III –**
**VIOLATIONS OF 42 U.S.C. §1983**
**(FIFTH and FOURTEENTH AMENDMENTS – Due Process)**
**ALL DEFENDANTS**

71. Plaintiff re-alleges and reincorporates paragraphs 1-70 as if fully set forth herein.

72. At all times relevant hereto, all defendants were acting as employees of the CCSO and under color of law.

73. At all times relevant hereto, Plaintiff had a clearly established constitutional right to be free from summary punishment without due process of law.

74. At no point was there any justification for the summary punishment against Plaintiff.

75. There was no penological justification for such force or for Plaintiff's subsequent confinement.

76. At all times relevant hereto, Hill, Boehrer, and Gibson maintained supervisory authority over Clayborn, Jenkins, Johnson, Isaac, Winn, and Goosby.

77. At all times relevant hereto, Hill and his command staff were aware of the history of their subordinate jailers of subjecting inmates to summary punishment including, but not limited to, physical and mental abuse.

78. At all times relevant hereto, Hill and other command staff were on notice of, and were deliberately indifferent to, the constitutional rights of Plaintiff and other inmates with respect to their treatment by jail staff and are liable in respondeat superior.

79. As a direct and proximate result of the actions as described herein, Plaintiff was deprived of his Fifth and Fourteenth Amendment rights under the United States Constitution to be free from punishment without due process of law.

80. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable

including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

81. distress.

## **COUNT IV**
## **VIOLATIONS OF GEORGIA CONSTITUTION and O.C.G.A. §51-1-7**
## **ALL DEFENDANTS**

82. Plaintiff re-alleges and reincorporates paragraphs 1-81 as if fully set forth herein.

83. The above-described acts and omissions of all Defendants also deprived Plaintiff of his rights under the Georgia Constitution, including:

    i. freedom from abuse while in custody under Article I, Section I, Paragraph 17;

    ii. freedom from deprivation of liberty without due process of law under Article I, Section I, Paragraph 1;

    iii. freedom from cruel and unusual treatment while in custody; and

    iv. freedom from retaliation for engaging in constitutionally-protected speech.

84. The deprivation of Plaintiff's rights under the Georgia Constitution constitutes a breach of public duty, which is a tort under Georgia Law.

85. At all times relevant hereto, Hill, Boehrer, and Gibson were on notice of, and were deliberately indifferent to, the Georgia constitutional rights of Plaintiff and other inmates and are liable in respondeat superior.

86. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

### COUNT V, VI, and VII
### ASSAULT– GEORGIA LAW
### BATTERY – GEORGIA LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – GEORGIA LAW
### ALL DEFENDANTS

87. Plaintiff re-alleges and reincorporates paragraphs 1-86 as if fully set forth herein.

88. These defendants acted intentionally and maliciously to injure Plaintiff.

89. Said acts were extreme and outrageous.

90. Plaintiff was impacted and personally harmed by said acts.

91. As a result of same, Plaintiff has suffered severe emotional distress.

92. These defendants placed Plaintiff in reasonable apprehension of immediate, unlawful contact.

93. These defendants made unwelcome, intentional, and harmful, physical contact with Plaintiff of an insulting and provoking nature by placing him in the restraint chair while the remaining defendants stood idly by failing to intervene.

94. As a direct and proximate result of Defendants' actions as described herein, Plaintiff suffered serious injury and damage for which Defendants are liable including, but not limited to: physical injury; medical expenses; physical, mental, and emotional pain and suffering; humiliation; embarrassment; and distress.

### COUNT VIII
### PUNITIVE DAMAGES
### ALL DEFENDANTS

95. Plaintiff re-alleges and reincorporates paragraphs 1-86 as if fully set forth herein.

96. The harm collectively caused by these Defendants has shown willful misconduct, malice, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences.

97. Due to such conduct, these Defendants are liable in punitive damages to deter such conduct in the future.

98. As a direct and proximate result of Defendants' actions and omissions, Plaintiff suffered the injures complained of herein; consequently, Plaintiff is entitled to punitive damages against Defendants to deter similar conduct in the future and to punish Defendants for their wrongful acts, in an amount to be determined at trial.

## COUNT IX –
## ATTORNEYS FEES AND COSTS
## 42 U.S.C. §1988 and GEORGIA LAW
## ALL DEFENDANTS

99. Plaintiff re-alleges and reincorporates paragraphs 1-98 as if fully set forth herein.

100.   As a result of the actions, omissions, and wrongful conduct of Defendants as described herein, Plaintiff has been forced to retain legal counsel and incur the costs and expenses of bringing this action in defense of his rights.

101.   Pursuant to 42 U.S.C. § 1988 and Georgia law, Plaintiff is entitled to recover from Defendants his attorneys' fees and the costs and expenses of litigation.

## DEMAND FOR JURY TRIAL

Plaintiff re-alleges and reincorporates the foregoing paragraphs as if fully set forth herein and demands a trial by jury on all claims so triable. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment, costs, and fees be entered in his favor and against the Defendants, and that the following relief be granted by the Court:

a) that Plaintiff recover against Defendants in compensatory, special, and general damages in an amount to be determined at trial by the enlightened conscious of the jury;

b) that Plaintiff recover against Defendants in punitive damages in an amount sufficient to punish and deter Defendants in an amount determined at trial by the enlightened conscious of the jury;

c) that Plaintiff recover against Defendants for his attorneys' fees and costs of litigation pursuant to 42 U.S.C. §1988 and Georgia law; and

d) such other and further relief that the Court deems just and proper.

This 26th day of February, 2022.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
**Counsel for Plaintiff**

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com

## FONT CERTIFICATION

Pursuant to Local Rule for the Northern District of Georgia 7.1(D), the undersigned hereby certifies that this Complaint was prepared using Times New Roman font, 14-point, as approved by this Court.

This 26th day of February, 2022.

/s/ Christopher M. Upshaw
Georgia Bar No. 557562
***Counsel for Plaintiff***

SANCHEZ HAYES & ASSOCIATES, LLC
1015 Tyrone Road, Suite 620
Tyrone, Georgia  30290
(770) 692-5020 *telephone*
(770) 692-5030 *facsimile*
doc@sanchezhayeslaw.com